Petition of: John M. Kostecky, Jr., to set Aside Sale of Real Estate. John M. Kostecky, Jr., Appellant.

Argued September 13, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

*Walter W. Wilt, Hepford, Swartz, Menaker & Wilt,* for appellant.

*Joseph P. Alexa,* for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 7, 1983:

The Cumberland County Common Pleas Court, by order, denied John M. Kostecky, Jr.'s petition to set aside a sale of real estate. Kostecky appeals. We affirm.

Pursuant to the Inalienable Property provisions of the Probate, Estates and Fiduciaries Code,[1] Jack B. Mattern and his wife, Ernestine, petitioned the court below to approve the sale of a certain tract of land to them by the Borough of Lemoyne. Following a hearing, the court approved the transfer on January 16, 1980 and, on March 4, 1980, Lemoyne conveyed the property to the Matterns for $1,443.00. On April 3, 1980, Kostecky petitioned the common pleas court to set aside the sale alleging, *inter alia*, that he had not received prior notice of the court hearing and that the wrong party had petitioned for approval of the sale. On June 12, 1981, the court below affirmed the sale.

Kostecky raises the same issues on appeal. After a careful review of the record and of the law, we find Kostecky's contentions to be without merit and affirm on the able opinion of SHEELY, J., below      Pa. D. & C.3rd      (1981).

Affirmed.

## ORDER

The Cumberland County Common Pleas Court order No. 5654 Civil 1979, dated June 12, 1981, is hereby affirmed.

---

[1] The Code's Inalienable Property provisions are derived from the Revised Price Act, Act of June 17, 1917, P.L. 388, *as amended,* formerly 20 P.S. §1561, which was repealed by Section 3 of the Act of June 30, 1972, P.L. 508, and re-enacted in 20 Pa. C. S. §8201. Section 8201 was then repealed by Section 16 of the Act of December 10, 1974, No. 293, and similar provisions were re-enacted in 20 Pa. C. S. §8301.